[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

—————

No. 98-2274

UNITED STATES,

Appellee,

v.

FRANCISCO OBJIO, a/k/a CUCHI,

Defendant, Appellant.

—————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

—————

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

—————

Francisco Objio on brief pro se.
Donald K. Stern, United States Attorney, Mark W. Pearlstein
and Allison D. Burroughs, Assistant U.S. Attorneys, on brief for
appellee.

—————

November 28, 2000

—————

**Per Curiam**.   After a thorough review of the record and of the parties submissions, we reverse the appellant's conviction on Count 10 of the indictment and affirm the convictions on Counts 9 and 11.

With regard to Count 10, we see no evidence in the record from which a rational jury could have concluded that anyone with whom appellant Francisco Objio ("Objio") was associated actually possessed cocaine on or about the date charged.  It seems clear that a group of individuals (with whom the government claimed Objio was associated) planned a transaction for July 19, 1997.  It also is undisputed that those plans fell through and that the transaction was rescheduled for July 21, 1997.  But we see no evidence to indicate whether that deal actually was completed as planned.  Nothing is contained in the recorded conversations which would indicate that the deal had been completed.  Further, the government's cooperating witness did not testify that the deal ever happened.  He only stated that he purchased cocaine from co-defendant Osvaldo Maldonado (a/k/a "Pepe") on three occasions in July 1997.  He was never asked whether one of those three occasions was on or about July 21.  And we do not think a rational jury could so infer from the evidence presented.

In order to establish Objio's liability as an aider and abettor, the government was required to show that someone

with whom he was associated actually committed the charged crime (i.e., possession of cocaine with intent to distribute). See United States v. de la Cruz-Paulino, 61 F.3d 986, 998 (1st Cir. 1995). Since we see no proof that anyone managed to complete the deal as planned, we must reverse the conviction on Count 10.

We do think the evidence was sufficient to convict on Counts 9 and 11. With regard to count 11, the cooperating witness testified that the group was planning a one kilogram purchase on the day in question. He also testified that a member of the group ("Pepe") paid others, including co-defendant Francisco Mata ("Mata"), $500 to transport the cocaine. And because the cocaine was seized from Mata while he was transporting it, we know that someone associated with the group (namely, Mata) committed the substantive crime: possession with intent to distribute. A rational jury could further conclude that in recorded phone conversations earlier in the day, other members of the group were discussing the price to be paid for the cocaine and were trying to determine whether they had enough cash to make the purchase. In this context, the remark, "And Cuchi (Objio's a/k/a) have like seven" could be interpreted by a rational jury to mean that Objio was contributing a portion of the purchase price. Though the remark is open to other interpretations, it was the jury's

task to interpret the remark. We find that in light of all the evidence, the jury's interpretation of the evidence was rational.

For the same reasons, the conviction for conspiracy under Count 9 should stand.

Finally, we see no plain error in the court's instructions. The instruction with regard to aiding and abetting a crime adequately set out the requirements for a conviction. See United States v. de la Cruz-Paulino, 61 F.3d at 998 (citing Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)). To the extent any of the challenged instructions were erroneous, those alleged errors cannot constitute plain error, as they concern issues which were not seriously in dispute at trial. See Johnson v. United States, 520 U.S. 461, 469-70 (1997) (where issue "was essentially uncontroverted at trial . . . and has remained so on appeal," error in jury instructions was not plain error).

Judgment affirmed in part and reversed in part; matter remanded for resentencing.